FILED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

2011 JAN 31  P 2:54

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MISC NO. 10-4 10GJ3703 |
|---|---|
| | ~~UNDER SEAL~~ *Unsealed 2/7* |

## MOTION OF REAL PARTIES IN INTEREST JACOB APPELBAUM, ROP GONGGRIJP, AND BIRGITA JONSDOTTIR FOR IMMEDIATE UNSEALING OF MOTIONS AND UPCOMING HEARING RELATED TO THE UNSEALED COURT ORDER OF DECEMBER 14, 2010, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### I.    INTRODUCTION

Real parties in interest Jacob Appelbaum, Rop Gonggrijp, and Birgitta Jonsdottir ("Parties") respectfully move the Court for an immediate Order unsealing this motion, along with the two motions Parties filed on January 26, 2011: 1) the Motion to Vacate the Order issued by this Court on December 14, 2010 pursuant to 18 U.S.C. §2703(d) (the "Dec. 14 Order') seeking information about Parties from Twitter, Inc., which was unsealed by this Court on January 5, 2011; and 2) the Motion to Unseal all orders and documents filed in this matter and all similar orders and documents requiring entities other than Twitter to provide information concerning Parties' electronic communications and publications (collectively, "January 26 motions"). Parties also seek an Order ensuring that the hearing on the January 26 motions is open to the public and, because of that, request a ruling on this motion to unseal in advance of the hearing date set for February 15, 2011.

Neither of the January 26 motions contains any confidential information. Nor does this motion to unseal those motions contain any secret, non-public information. Nor do any of the motions otherwise qualify for sealing or for a closed hearing. To the contrary, the motions all

540525.01

1

17

relate to a public, unsealed Order and so too should be fully accessible to the public, in accordance with the longstanding principle that the judicial process and judicial documents should be as open to the public as possible. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

Parties seek immediate relief, before the upcoming hearing, because they are currently prohibited from disclosing the motions that they filed in response to the public December 14, 2010 Order. As the Supreme Court long ago held, "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The continued sealing of the January 26 motions creates the untenable situation in which the fact that information about Parties is being sought by the government has been made public by the Court, apparently with the government's consent, while Parties are prevented from publicly disclosing their legal responses.

## II.     BACKGROUND

On December 14, 2010, this Court entered a sealed order directing Twitter to provide the government with records and other information related to the accounts of several of its users, including Parties. Sears Decl.,Exh. 1.[1] On January 5, 2011, the Court unsealed the Order, and shortly thereafter, Twitter provided notice of it to Parties. Sears Decl., Exhs. 2 & 3. On January 26, 2011, Parties moved both to vacate the December 14 Order and to unseal both the remainder of the docket in the Twitter case and any other similar orders plus supporting documents concerning their electronic communications and publications.[2]

---

[1] Declaration of Stuart Sears In Support of Motion Of Real Parties In Interest Jacob Appelbaum, Birgitta Jonsdottir, and Rop Gonggrijp to Vacate December 14, 2010 Order, filed on January 26, 2011 (hereinafter "Sears Decl.").

[2] Parties' Motion for Unsealing of Sealed Court Records, filed on January 26, 2011, provides a detailed factual and procedural background. Parties incorporate that discussion by reference rather than repeat it here. *See* Motion for Unsealing of Sealed Court Records at 4-6.

Because these motions pertain to an unsealed Court Order brought under 18 U.S.C. §2703(d), are not grand jury documents, and contain only non-confidential, public information, previously known to Parties, Parties did not seek to place the January 26 motions under seal. Nevertheless, the Court Clerk placed the motions under seal, apparently due to the fact that the December 14 Order has a grand jury docket number associated with it. That administrative action sealing the documents has prevented Parties from publicly disclosing their motions without risking contempt. It has also prevented the public from having access to the January 26 motions that contest the much-publicized December 14 Order and seek to unseal other judicial documents of immense public interest. Finally, the sealing will prevent the public and the press from attending the upcoming hearing on the January 26 motions, again, despite the fact that those motions were filed in response to an Order that has already been unsealed and that has been the subject of widespread news coverage and public debate.

## III. ARGUMENT

**A.    Because The Motions Do Not Relate To Matters Occurring Before The Grand Jury, The Motions And The Hearing on Those Motions Should Not Be Sealed.**

While Parties appreciate that the Court Clerk likely placed these motions under seal due to the fact that they are captioned as part of a grand jury proceeding, the motions do not contain material disclosing matters occurring before the grand jury. Indeed, the December 14 Order is not a grand jury subpoena or order. Rather, it was issued under 18 U.S.C. § 2703(d) and has been unsealed by the Court. Thus, although the Clerk's initial action was understandable, the motions should now be unsealed.

Federal Rule of Criminal Procedure 6, which governs the secrecy of grand jury proceedings, covers only "matter[s] occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B); *see In re Grand Jury Subpoena*, 920 F.2d 235, 241 (4th Cir. 1990); *In re Grand Jury Proceedings*, 503 F. Supp. 2d 800, 807-08 (E.D. Va. 2007).

"The key to determining whether something is grand jury material is 'whether the

3

information would actually subvert the secrecy veiling what took place before the grand jury.'" *Id.* at 808 (quoting *Anaya v. United States*, 815 F.2d 1373, 1378 (10th Cir. 1987)). "[A] disclosure of 'matters before the grand jury' must reveal some 'secret aspect of the inner workings of the grand jury.'" *United States v. Rosen*, 471 F. Supp. 2d 651, 654 (E.D. Va. 2007) (quoting *United States v. Dynavac*, 6 F.3d 1407, 1413 (9th Cir. 1993)). "Accordingly, 'when documents or other material will not reveal what actually has transpired before a grand jury, their disclosure is not an invasion of the protective secrecy of its proceedings . . . .'" *In re Grand Jury Proceedings*, 503 F. Supp. 2d at 808 (quoting *Anaya*, 815 F.2d at 1380-81).

Because the Parties are not privy to any information that reveals the workings of the grand jury, it follows that no such secret information can be found in Parties' motions. Instead, the motions exclusively discuss matters previously known to Parties and to the public because of the Court's decision to unseal the December 14 Order. *See Butterworth v. Smith*, 494 U.S. 626, 636 (1990) (holding that a state statute prohibiting grand jury witnesses from disclosing their grand jury testimony violated the witness's "First Amendment right to make a truthful statement of information he acquired on his own"). Although the motions do discuss the existence of a § 2703 court order directed at Parties' information, the Court itself chose to disclose to the public the existence of this Order, expressly holding that unsealing is "in the best interests of the investigation." Sears Decl. Exh. 2. In addition, a §2703 order is simply not the same as a grand jury subpoena or similar grand jury processes and Parties are also not grand jury witnesses, but merely individuals whose information has been sought via a non-grand jury order. Having used a form of request for information about Parties that is outside of grand jury processes, the government cannot now require the secrecy reserved to those processes.[3] Given these circumstances, it would be especially improper for the motions contesting the now unsealed Order to remain secret.

Additionally, Parties' motions were not presented to the grand jury. Rather, they were

---

[3] Although Parties asked the government to consent to the relief sought here, the government has refused to do so.

4

filed and are presently pending before the Court. That a document may have some relationship to a grand jury investigation does not mean that Rule 6(e) protects it. *See Rosen*, 471 F. Supp. 2d at 655 ("[E]ven evidence closely related to a grand jury investigation is not a 'matter occurring before the grand jury' unless it was actually presented before the grand jury." (citing *In re Grand Jury Subpoena*, 920 F.2d at 242)). Although sealing matters ancillary to grand jury proceedings may sometimes be warranted in order to protect the interests of the grand jury participants, when, as here, non-participants and non-witnesses in the grand jury proceedings choose to speak publicly, there is no rationale for continued sealing.

**B.     Even if the Motions Disclosed Matters Occurring Before The Grand Jury, The Motions Should be Unsealed.**

Finally, even assuming that the motions to unseal and vacate, if publicly revealed, would disclose matters occurring before the grand jury, and even assuming that Parties were grand jury witnesses, there could still be no bar on disclosure of these motions by Parties. Parties are not covered by Rule 6(e) and therefore are not barred from disclosing matters within their own knowledge. *See* Fed. R. Crim. P. 6(e)(2)(B) (enumerating list of individuals subject to Rule 6(e)'s secrecy requirements); *Finn v. Schiller*, 72 F.3d 1182, 1189 n.7 (4th Cir. 1996) ("In order to establish a prima facie case of a Rule 6(e) violation, the complainant must show that (1) information was knowingly disclosed about 'matters occurring before the grand jury,' and (2) the source of the information is a person subject to Rule 6(e).").

Rule 6's Advisory Committee Notes makes clear that those persons not on Rule 6(e)(2)(B)'s enumerated list—most prominently, grand jury witnesses—are not barred from disclosing materials. Fed. R. Crim. P. 6, 1944 Advisory Committee Note to Subdivision (e) ("The rule does not impose any obligation of secrecy on witnesses."); *see also Butterworth*, 494 U.S. at 635 (noting that the Federal Rules of Criminal Procedure expressly exempt witnesses from the ordinary obligation of secrecy concerning matters occurring before the grand jury). Thus, even if Parties were grand jury witnesses and even if they were disclosing actual testimony

before a grand jury, Parties' motions could not be sealed. Accordingly, it is even more inappropriate to require more secrecy here, where the motions are filed by non-grand jury witnesses and concern non-grand jury matters.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Court should immediately unseal this motion and the January 26 motions, and order that the hearing on the motions be open to the public.

Dated:

By: _____

John K. Zwerling, VSB No. 8201
Stuart Sears, VSB No. 71436
ZWERLING, LEIBIG & MOSELEY, P.C.
108 North Alfred Street
Alexandria, VA  22314
Telephone:       (703) 684-8000
Facsimile:       (703) 684-9700
Email:     JZ@Zwerling.com
Email:     Chris@Zwerling.com
Email:     Andrea@Zwerling.com
Email:     Stuart@Zwerling.com

John W. Keker (*pro hac vice* pending)
Rachael E. Meny (*pro hac vice* pending)
Steven P. Ragland (*pro hac vice* pending)
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:       (415) 391-5400
Facsimile:       (415) 397-7188
Email:     jkeker@kvn.com
Email:     rmeny@kvn.com
Email:     sragland@kvn.com

**Attorneys for JACOB APPELBAUM**

---

[4] The arguments in favor of unsealing raised by Parties in their January 26 Motion to Unseal apply here as well. Parties incorporate that discussion by reference rather than repeat it here. *See* Motion for Unsealing of Sealed Court Records at 10-28.

6

Dated:

By: _/s/_ with permission for :

Nina J. Ginsberg, VSB No. 19472
DIMUROGINSBERG, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: 703-684-4333
Fax:    703-548-3181
Email: nginsberg@dimuro.com

John D. Cline (*pro hac vice* pending)
LAW OFFICE OF JOHN D. CLINE
115 Sansome Street, Suite 1204
San Francisco, CA  94104
Phone: 415.322.8319
Fax: 415.524.8265
Email: cline@johndclinelaw.com

K.C. Maxwell (*pro hac vice* pending)
LAW OFFICE OF K.C. MAXWELL
115 Sansome Street, Suite 1204
San Francisco, CA  94104
Phone: 415.322.8817
Fax: 415.888.2372
Email: kcm@kcmaxlaw.com

**Attorneys for ROP GONGGRIJP**

Dated:

By: _____ with permission for:
Rebecca K. Glenberg, VSB No. 44099
AMERICAN CIVIL LIBERTIES UNION
    OF VIRGINIA FOUNDATION, INC.
530 E. Main Street, Suite 310
Richmond, Virginia 23219
Telephone: (804) 644-8080
Facsimile: (804) 649-2733
Email: rglenberg@acluva.org

Jonathan Shapiro
GREENSPUN, SHAPIRO, DAVIS
    & LEARY, P.C.
3955 Chain Bridge Road
Second Floor
Fairfax, VA 22030
Telephone: (703) 352-0100
Facsimile: (703) 591-7268
Email: js@greenspunlaw.com

Cindy A. Cohn (*pro hac vice* pending)
Lee Tien (*pro hac vice* pending)
Kevin S. Bankston (*pro hac vice* pending)
Marcia Hofmann (*pro hac vice* pending)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:  (415) 436-9333 x108
Facsimile:  (415) 436-9993
Email:  cindy@eff.org
Email:  tien@eff.org
Email:  bankston@eff.org
Email:  marcia@eff.org

Aden J. Fine (*pro hac vice* pending)
Benjamin Siracusa-Hillman (*pro hac vice*
pending)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone:  (212) 549-2500
Facsimile:  (212) 549-2651
Email:  afine@aclu.org
Email:  bsiracusahillman@aclu.org

**Attorneys for BIRGITTA JONSDOTTIR**

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was sent via e-mail this 31st day of January, 2011, to:

John S. Davis, Esq.
Assistant United States Attorney
600 East Main Street
Suite 1800
Richmond, VA 23219-2447
Ph: 804-819-7431
John.S.Davis2@usdoj.gov

Stuart Alexander Sears