IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) | Misc. No. 1:11-DM-3 |
| UNITED STATES OF AMERICA ) | No. 10-GJ-3793 |
| FOR AN ORDER PURSUANT TO ) | No. 1:11-EC-3 |
| 18 U.S.C. § 2703(d) ) |  |

## MEMORANDUM OPINION

On December 2, 2011, Real Parties in Interest Rop Gonggrijp, Birgitta Jonsdottir, and Jacob Applebaum ("Petitioners") filed a motion ("Motion") to stay the Court's November 11, 2011 Order (Dkt. No. 84) and enjoin enforcement of Magistrate Judge Buchanan's December 14, 2010 Order ("Twitter Order") directing Twitter, Inc. to disclose records sought under 18 U.S.C. § 2703(d). For the following reasons, Petitioners' Motion is DENIED.

The Supreme Court has articulated a four-factor test for when a stay is proper pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (applying Fed. R. Civ. P. 62(c)); *see also Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1760-61 (2009) (applying *Hilton* test to a motion to stay removal of alien). A stay is not a matter of right, even if irreparable injury might result. *See Nken*, 556 U.S. at 1760-61. The party seeking the stay bears the burden of proof. *See id.* A party seeking a stay must make a "strong showing" of success on appeal. *Hilton*, 481 U.S. at 776. Petitioners have not made that showing here.

The most important factor, Petitioners' likelihood of success on appeal, weighs strongly against a stay. Petitioners identify three questions which, they believe, constitute "substantial

1

issues" for appeal: (1) whether they have a reasonable expectation of privacy in IP addressing information; (2) whether a magistrate judge has discretion under the Stored Communications Act to require a warrant based on probable cause; and (3) whether the Twitter Order was unconstitutionally overbroad. (Dkt. No. 8-11.) Every Court of Appeals to have addressed the first question has determined that there is no reasonable expectation of privacy in IP addressing information. *United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008); *United States v. Perrine*, 518 F.3d 1196, 1204-05 (10th Cir. 2008). Furthermore, the last two questions are largely subsumed under the first question. If Petitioners do not have a reasonable expectation of privacy in IP addressing information, there would be no reason to require a warrant based on probable cause or to complain that the Twitter Order was constitutionally overbroad.

As to the second factor, the Court is not convinced that Petitioners would suffer irreparable injury from denial of a stay. The information at issue was collected by Twitter, Inc. from Petitioners' use of the Twitter service, so the information has already been disclosed to at least one third party. *See In re Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, No. 1:11-dm-3, --- F. Supp. 2d ---, 2011 WL 5508991 (E.D. Va. 2011); *see also Smith v. Maryland*, 442 U.S. 735, 744 (1979) ("When he used his phone, petitioner voluntarily conveyed numerical information to the telephone company and 'exposed' that information to its equipment in the ordinary course of business. In so doing, petitioner assumed the risk that the company would reveal to police the numbers he dialed."); *United States v. Miller*, 425 U.S. 435, 440 (1976) ("On their face, the documents subpoenaed here are not respondent's 'private papers.' Unlike the claimant in *Boyd*, respondent can assert neither ownership nor possession. Instead, these are the business records of the banks."). Although the

third factor, likelihood of substantial injury to the government from additional delay, weighs slightly towards granting the Motion, the fourth factor does not. Litigation of these issues has already denied the government lawful access to potential evidence for more than a year. The public interest therefore weighs strongly against further delay.

Because (1) existing case law overwhelmingly supports the government's position; (2) the public interest weighs strongly in favor of an expeditious investigation; and (3) Petitioners offer only weak reasons for further delay, the Court concludes that a stay and injunction are not appropriate at this time. Petitioners' Motion is therefore DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.

January ___, 2012
Alexandria, Virginia

/s/ ___
Liam O'Grady
United States District Judge